UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATHAN G. DULL, | : | 3:23-cv-1220 (SVN) |
| *Petitioner*, | : | |
| | : | |
| v. | : | April 11, 2024 |
| | : | |
| | : | |
| COMMISSIONER OF CORRECTION, | : | |
| *Respondent*. | : | |

### RULING ON MOTION TO DISMISS

Petitioner Nathan Dull, an inmate currently incarcerated within the Connecticut Department of Correction ("DOC"), filed the instant petition for a writ of habeas corpus. Although Petitioner utilized a Connecticut Superior Court form for the petition, the Court construes it as being brought under 28 U.S.C. § 2254, which allows a federal court to entertain a petition for writ of habeas corpus by a state prisoner if it alleges that the prisoner is held in custody in violation of federal law. Pet., ECF No. 1. In the Petition, Petitioner challenges his state conviction for murder. *Id.* Petitioner seeks release on the grounds of ineffective assistance of counsel and errors relevant to his plea bargain, sentencing, and assessment of his mental state. *See id.* at 4. As the Connecticut Appellate Court found on direct appeal, Petitioner suffers from mental health problems, and his petition is difficult to discern; he generally claims he "ha[s] been unjustifiably incarcerated for protecting the future of my friends and family" and that it is unjust to incarcerate him, as a former U.S marine. *See id.* at 10.

In response to the Court's order to show cause, Respondent filed a motion to dismiss on November 30, 2023. Order, ECF No. 6; Resp't Mot. Dismiss, ECF Nos. 8–9.[1] Under Local Rule

---

[1] Respondent has complied with Local Rule of Civil Procedure 12(a) by filing a notice advising Petitioner the motion to dismiss may be granted if he fails to file opposition papers as required by Federal Rule of Civil Procedure 12. ECF No. 10.

7(a)2, Petitioner's response to the motion to dismiss was due by December 21, 2023. As of January 3, 2024, Petitioner had filed neither a response to the motion to dismiss, nor a motion for extension of time to do so. On that date, the Court extended Petitioner's time to respond to the motion to dismiss to January 12, 2024, and advised him that the motion would be considered unopposed if he failed to file a response to the motion to dismiss. Order, ECF No. 11. But Petitioner failed to file his response to Respondent's motion to dismiss by January 12, 2024. Thus, the Court considers the motion to dismiss to be unopposed.[2]

Upon thorough review of the record, the Court grants Respondent's motion to dismiss.

I.   PROCEDURAL BACKGROUND

The following procedural history is relevant to this decision.[3]

Petitioner was sentenced on April 16, 1999, for murder, and is serving a total effective sentence of 35 years and ten months of incarceration with a maximum release date of November 28, 2032.[4]

---

[2] On January 24, 2024, Petitioner mailed a new petition for habeas corpus relief and a prisoner trust fund account statement to the Clerk's office, which was then docketed in this action. ECF Nos. 12, 13. Rather than challenge his conviction, he raised claims of unconstitutional conditions of confinement. *See* ECF No. 12 at 2. As the claims raised in his new petition were entirely unrelated to those raised in his original petition, the Court instructed the clerk to file the new petition and prisoner trust fund account statement in a new action because it appeared that he intended to file a new habeas action. Order, ECF No. 14. That petition is now proceeding before the undersigned in the matter docketed under *Dull v. Warden*, 3:24-cv-102 (SVN).

[3] A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *see also Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005) (quoting *Brass*, 987 F.2d at 150). The facts included in this procedural background are reflected in, or incorporated by reference in, the Petition, or are accessible in publicly available sources.

[4] Information about Petitioner's confinement status is publicly available on the DOC website. *See* Conn. Dep't of Corr., Inmate Information, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=253135 (last accessed Apr. 11, 2024); *see also Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (noting that courts may "take judicial notice of relevant matters of public record").

Petitioner challenged his conviction on direct appeal, arguing (1) the trial court incorrectly concluded that he failed to establish an insanity defense; (2) that the trial court failed to require the state to disprove his insanity defense beyond a reasonable doubt; and (3) that the trial court improperly denied his motion for a presentence psychiatric evaluation. *See State v. Dull*, 59 Conn. App. 579, 584–93 (2000). On August 29, 2000, the Connecticut Appellate Court affirmed Petitioner's conviction. *See id.* Petitioner did not seek discretionary review in the Connecticut Supreme Court.

On December 6, 2002, Petitioner filed a petition for a writ of habeas corpus in Connecticut Superior Court. *See Dull v. Comm'r of Corr.*, No. CV030347849S, 2005 WL 3112516, at *1 (Conn. Super. Ct. Oct. 27, 2005), *aff'd* 96 Conn. App. 787 (2006). Petitioner asserted grounds for habeas relief based primarily on ineffective assistance of counsel due to errors in trial strategy and a conflict of interest. *See Dull*, 2005 WL 3112516, at *4–13. On October 27, 2005, the habeas court dismissed his habeas petition after concluding that Petitioner's grounds for relief were either abandoned, waived, or without merit. *See id.*

On November 23, 2004, the Sentence Review Division of the Connecticut Superior Court affirmed Petitioner's sentence as neither "inappropriate nor disproportionate." *State v. Dull*, No. CR10236528, 2004 WL 3090614, at *2 (Conn. Super. Ct. Nov. 23, 2004).

On August 6, 2006, the Appellate Court affirmed the habeas court's judgment in Petitioner's first habeas action. *Dull v. Comm'r of Corr.*, 96 Conn. App. 787 (2006). Petitioner did not seek further discretionary review from the Connecticut Supreme Court.

On March 30, 2010, Petitioner filed a second habeas petition in Connecticut Superior Court. *See Dull v. Comm'r of Corr.*, 175 Conn. App. 250, 253 (2017) (noting procedural history). This action was withdrawn on October 13, 2011. *See id.*

On June 11, 2015, Petitioner filed a third habeas petition in Connecticut Superior Court, asserting several grounds including but not limited to an illegal sentence, ineffective assistance of counsel, and mental impairment. *See Dull v. Warden*, No. CV154007271S, 2016 WL 1443548, at *1 (Conn. Super. Ct. Mar. 14, 2016). On request of the respondent, the state habeas court held a hearing to consider whether Petitioner could rebut the presumption under Connecticut General Statutes § 52-470(d)(2) that he delayed filing his third petition without good cause. *Id.* at *5. Under Connecticut General Statutes § 52-470(e), the habeas court dismissed the petition because Petitioner failed to show "good cause for the delay in filing his third habeas corpus petition" and "failed to rebut the presumption of delay." *Id.* at *6.

On August 1, 2017, the Connecticut Appellate Court affirmed the habeas court's conclusion that Petitioner had not shown good cause for the delay in filing his third habeas petition. *Dull v. Comm'r of Corr.*, 175 Conn. App. 250, 254 (2017). On October 25, 2017, the Connecticut Supreme Court denied discretionary review. *Dull v. Comm'r of Correction*, 327 Conn. 930 (2017). Petitioner did not seek further review from the United States Supreme Court.[5]

On September 12, 2023, Petitioner filed the instant Petition under 28 U.S.C. § 2254.[6]

---

[5] Petitioner does not refute Respondent's representation that he failed to file a petition for certiorari to the United States Supreme Court within the next 90 days following the Connecticut Supreme Court decision. *See* ECF No. 9 at 5; Supreme Court Rule 13. The Court has been unable to locate any filed by Petitioner on the Supreme Court's docket, as well. *See* Supreme Ct., Docket Search, https://www.supremecourt.gov/docket/docket.aspx (last accessed Apr. 11, 2024).

[6] On June 5, 2023, Petitioner filed a section 2254 petition that was dismissed for failure to pay the court's filing fee. *See Dull v. Comm'r,* D. Conn. No. 23-cv-736 (KAD), ECF Nos. 15, 17. On September 8, 2023, he filed another petition under section 2254 that was likewise dismissed without prejudice for failure to pay the filing fee, with an instruction that he could file a motion to reopen within twenty days. *Dull v. Comm'r*, D. Conn. No. 23-cv-1195 (KAD), ECF No. 8. In that matter, Petitioner paid the fee seven days after the dismissal order but failed to file a motion to reopen.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss a habeas petition, like any other motion to dismiss a civil complaint, is governed by Federal Rule of Civil Procedure 12(b)(6). *Spiegelmann v. Erfe*, No. 3:17-CV-2069 (VLB), 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018) (reviewing motion to dismiss § 2254 petition under Fed. R. Civ. P. 12(b)(6)).  To survive dismissal, the petition must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57.

Because Petitioner filed the present petition *pro se*, the Court must construe his filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up).  "Despite the special solicitude that the Court must show [Petitioner] out of consideration for his *pro se* status," however, "his petition must still include sufficient factual allegations to meet the standard of facial plausibility to survive a motion to dismiss under Rule 12(b)(6)." *Anderson v. Williams*, No. 3:15-CV-1364 (VAB), 2017 WL 855795, at *6 (D. Conn. Mar. 3, 2017) (internal quotation marks and citation omitted).

### B. Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the [AEDPA]." *Harrington v. Richter*, 562 U.S. 86, 97 (2011).  Section 2254 permits a federal court to entertain a petition for writ of

habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws.  28 U.S.C. § 2254(a).

Prior to the enactment of AEDPA on April 24, 1996, "there was no formal limit on the time for filing" a habeas petition in federal court.  *Ross v. Artuz*, 150 F.3d 97, 99 (2d Cir. 1998).  AEDPA "wrought a significant change" by subjecting a habeas petition challenging a state court conviction to a one-year limitations period.  *Id.*  Relevant here, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A). "Final judgment in a criminal case means sentence." *Burton v. Stewart*, 549 U.S. 147, 156, (2007) (internal quotation marks and citation omitted).  Direct review under section 2244(d)(1)(A) "includes direct review by the United States Supreme Court via writ of certiorari," and courts have held "that the limitations period for state prisoners therefore begins to run only after the denial of certiorari or the expiration of time for seeking certiorari."  *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001) (collecting cases). This limitations period "serves the well-recognized interest in the finality of state court judgments" by "restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan v. Walker*, 533 U.S. 167, 179 (2001).

This one-year limitation period applicable to post-AEDPA convictions may be tolled for the duration of post-conviction proceedings and other collateral review in state court.  Specifically, section 2244(d)(2) provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

## III. DISCUSSION

This petition is clearly barred as untimely under the AEDPA one-year statute of limitations. 28 U.S.C. § 2244(d)(1).

Petitioner filed the instant Petition almost six years after the Connecticut Supreme Court's October 25, 2017, decision to deny discretionary review of the Connecticut Appellate Court's decision to affirm the trial court's dismissal of Petitioner's third state habeas petition. The filing thus plainly falls outside of AEDPA's one-year statute of limitations.

The statute of limitations period under AEDPA is subject to equitable tolling when a petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012) (internal quotation marks and citations omitted). Petitioner has a "high bar" to show "circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011). He must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). To demonstrate this causal relationship, a petitioner seeking equitable tolling must have "exercised reasonable diligence in attempting to file after the extraordinary circumstances began." *Id.*

Here, Petitioner has not advanced, and the Court cannot find, any exceptional circumstances that hindered Petitioner's ability to bring challenges to his state convictions, or that he exercised reasonable diligence in filing for post-conviction relief.

Thus, the Court must dismiss this habeas action because it is untimely under AEDPA.

### IV. CONCLUSION

For the foregoing reasons, Respondent's unopposed motion to dismiss, ECF No. 8, is GRANTED.  The Petition, ECF No. 1, is DISMISSED without prejudice.

The clerk is instructed to close this case.

Any appeal from this order would not be taken in good faith. Thus, a certificate of appealability will not issue.

**SO ORDERED** at Hartford, Connecticut, this 11th day of April, 2024.

                                           */s/ Sarala V. Nagala*
                                           SARALA V. NAGALA
                                           UNITED STATES DISTRICT JUDGE